UNITED STATES BANKRUPTCY COURT    **FOR PUBLICATION**
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

  GREGORY K. DAVIS          Case No. 05-90690 K
         Debtor
------------------------------------------------------------------

## OPINION AND ORDER

  This being a surplus money Chapter 7 case, the Debtor has objected to proofs of claims that the Chapter 7 Trustee filed on behalf of creditors pursuant to Rule 3004, F.R.B.P., which states "if a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the Debtor or Trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The Clerk shall forthwith give notice of the filing to the creditor, the Debtor and the Trustee."

  In this case, the claims filed on behalf of creditors by the Trustee were not filed within the 30 day limitation contained in the Rule.

  The Trustee argues that even so, the claims should be allowed as "late-filed" claims which, under 11 U.S.C. § 726, he argues, must be paid before any surplus is returned to the Debtor.

  The Court finds that the Trustee has misread 11 U.S.C. § 726. This analysis begins with examination of 11 U.S.C. § 501. That statute contains five subsections. Subsection (a) states that "a creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." Subsection (c) states: "if a creditor does not timely file a proof of such creditor's claim, the Debtor or the Trustee may file a proof of such claim." In the

legislative history to § 501, the deadlines for claims filing were clearly to be left to rulemaking.

Turning now to the text of § 726 of the Code one finds that § 726(a) is more detailed and nuanced than is suggested by the Trustee's argument here. The second sub-subsection of § 726(a) provides for distribution, *pari passu*, to all timely filed claims under § 501(a)-(c) and to claims "tardily filed under § 501(a) if the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim under § 501(a). It is logical that claims tardily filed by the Trustee or Debtor would not be included in this distributive position because the Debtor and Trustee, of course, have actual knowledge of the claims bar date.

Most critically, the third sub-section of § 726(a) states that the next tier or payment would be "in payment of any allowed unsecured claim, proof of which is tardily filed under § 501(a) of this title other than a claim of the kind specified in paragraph (2)(c) of this subsection." In other words, if a creditor or indenture trustee tardily filed a proof of claim under § 501(a) but is shown to have had notice or actual knowledge of the case in time for timely filing of a proof of claim under § 501(a̲), that creditor's claim is knocked down to the next tier of distribution. But, dispositively, claims tardily filed under § 501(c̲) are not accorded the same benefit that is accorded to creditors who had knowledge or notice in time to file a timely claim, but nonetheless filed a tardy claim.

Consequently, the statutory language makes it clear that late-filed claims, filed by the Trustee or Debtor pursuant to § 501(c) do not enjoy the same protection enjoyed by creditors who filed late claims under § 501(a).

Thus, the Trustee has overstated the protections accorded by § 726, and the Debtor's objection to the Trustee's late-filed claims must be sustained.

For purposes of this case alone, a further observation should be made. Although the Debtor did not initially serve notice of his claims objections on the creditors whose claims were filed by the Trustee, that omission was rectified at some point during the pendency of the objection. The Court is not sure that that notice would be a necessary step in reaching today's holding, because of a peculiarity that occurred in this specific case. What occurred is this. Congress' specific attention to the treatment of untimely claims under § 726 took the form of 1994 amendments thereto. In the 1996 iteration of the Federal Rules of Bankruptcy Procedure, a provision of Rule 3002 was abolished in light of the 1994 statutory amendments. That provision of Rule 3002 stated "in a Chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the Court may grant an extension of time for the filing of claims against the surplus not filed within the time herein above prescribed." That provision was the authority for what has been known for a very long time as the "Surplus Money Notice."

For some reason, a Surplus Money Notice went out in this particular case on September 16, 2009, fixing October 9, 2009 as the bar date for "filing claims against surplus monies." The proofs of claims that the Trustee filed were not filed until November 15, 2009. Thus, the Trustee's claims on behalf of creditors were not timely even under the Surplus Money Notice that has not had lawful underpinnings since 1996. Consequently, to the extent that the addresses provided by the Debtor for the creditors in question are accurate addresses, the creditors for whom the Trustee filed claims had ignored the initial claims bar notice and this

erroneous surplus money claims notice. Under that supposition, the Court might decide that notice to those creditors of the Debtor's objection to the Trustee's proofs of claim would not be essential to today's holding. The other possible assumption, however, is that the addresses that the Debtor provided for the creditors who did not file proofs of claim were erroneous addresses. If that is the case, requiring that the Debtor send notice of the claims objection to those same creditors at those same erroneous addresses would seem to serve no practical purpose, although it would promote obedience to the due process notion that an adverse party should be served at the party's "last known address" even if one knows that he, she or it is no longer there.

   The Court does not today express an opinion as to how it would rule if the Debtor had never served his objection on the creditors named in the Trustee's proofs of claims, given the peculiarities of the case with regard to the issuance of the surplus money notice.

   The Court does, however, direct that in sending the required notice of entry of this Opinion and Order, the Clerk include in the mailing, the creditors named in the proofs of claims that the Trustee filed on each creditor's behalf.

   SO ORDERED.

Dated:  Buffalo, New York
     June 11, 2010

                 s/Michael J. Kaplan
                 _____
                 U.S.B.J.